# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BRANDI CAMPBELL, )
) Case No. 2:16-cv-01842-JCM-NJK
Plaintiff, )
vs. ) ORDER
)
LAS VEGAS BISTRO LLC, ) (Docket No. 39)
)
Defendant. )
_____ )

Pending before the Court is Defendant's motion to seal the parties' settlement agreement. Docket No. 39. Plaintiff filed a non-opposition. Docket No. 40. For the reasons discussed below, Defendant's motion to seal, Docket No. 39, is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

Plaintiff initially filed this action in state court, alleging, *inter alia*, a claim under the Fair Labor Standards Act ("FLSA"). Docket No. 1-1. Defendant removed the action to this Court on August 4, 2016. Docket No. 1. The parties ultimately settled the case and have moved the Court to approve their settlement agreement. Docket No. 38. Defendant also asks the Court to allow it to file the settlement agreement under seal. Docket No. 39.

II. DISCUSSION

"There is a strong presumption in favor of keeping settlement agreements in FLSA wage settlement cases unsealed and available for public view." *Collins v. Walgreens Co.*, 2015 U.S. Dist. LEXIS 96929, at *2 (D. Nev. July 23, 2015) (internal quotations omitted) (collecting cases). This presumption furthers "Congress' intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010). Additionally, "it is consistent with the general presumption of a right to public access to court documents." *Collins*, 2015 U.S. Dist. LEXIS 96929, at *2 (citing *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002)). In order to overcome the

presumption, a movant must demonstrate "compelling reasons" to seal an FLSA settlement. *Id.* (collecting cases). Courts thus frequently deny requests to seal settlement agreements in FLSA actions. *Id.* (collecting cases).

The proposed settlement at issue includes both FLSA and non-FLSA claims. *See, e.g.*, Docket No. 1-1 at 4-20; Docket No. 39 at 2. Defendant submits that compelling reasons exist to overcome the presumption against sealing. Docket No. 39 at 2-3. Specifically, Defendant submits that any public resolution of Plaintiff's claims will harm its reputation because the public will view the settlement as an admission of liability as to the non-FLSA claims. *Id.* at 2. Additionally, Defendant asserts that a recent, publically-filed nationwide settlement in a similar case will render public resolution of Plaintiff's FLSA claim in this action "redundant." *Id.* Defendant also contends that if the parties do not obtain approval of their agreement, the result will be private arbitration. *Id.* at 3.

The Court finds that Defendant has failed to show compelling reasons to seal the portion of the settlement agreement relating to Plaintiff's FLSA claim. Accordingly, Defendant's motion to seal, Docket No. 39, is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** Defendant's motion to seal as it pertains to the portions of the settlement agreement that relate to Plaintiff's non-FLSA claims. The Court **DENIES** Defendant's motion to seal without prejudice as it pertains to the portion of the settlement agreement that relates to Plaintiff's FLSA claim. No later than March 13, 2017, Defendant may file a renewed motion to seal demonstrating compelling reasons to seal as to the FLSA claim. If Defendant chooses not to file a renewed motion to seal, the Court **ORDERS** Defendant to file the settlement agreement on the docket, with information relating to Plaintiff's non-FLSA claims redacted, no later than March 13, 2017.

IT IS SO ORDERED.

DATED: March 6, 2017

NANCY J. KOPPE
United States Magistrate Judge