UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANDI CAMPBELL,

Plaintiff(s),

v.

LAS VEGAS BISTRO, LLC,

Defendant(s).

Case No. 2:16-CV-1842 JCM (NJK)

ORDER

Presently before the court is the joint motion to approve settlement and dismiss the instant case with prejudice. (ECF No. 38).

Because some of the allegations in this case arise out of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, this court is obligated to review the settlement. *See Gamble v. Boyd Gaming Corp.*, No. 2:13-CV-01009-JCM, 2015 WL 4874276, at *4 (D. Nev. Aug. 13, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)); *see also* (ECF No. 1-1). Indeed, a district court must assess whether the settlement "reflects a reasonable compromise over issues that are actually in dispute." *Id.* (internal quotation marks omitted).

Here, the parties agree upon a governing range of recovery, as indicated by plaintiff's wage claim to the labor commissioner. *See* (ECF No. 38, 38-2). By agreeing to this settlement, both sides would forego arguments addressing whether plaintiff should be characterized as an employee or as an independent contractor. *See* (ECF No. 38).

Next, the parties represent that the possible recovery does not exceed the cost of litigation, and there is a chance that, if this case proceeded on the merits, plaintiff may fail to recover from defendant. *See* (*id.*).

**James C. Mahan**
**U.S. District Judge**

Further, the court is cognizant that this agreement is the product of an Early Neutral Evaluation conducted before Magistrate Judge Leen. (*Id.*). Therefore, the parties' assertion that the agreement was "the result of arm's-length bargaining" appears particularly credible. (*Id.* at 7).

Finally, the policy favoring the public resolution of FLSA claims is not well-served here because publicity has already been generated for sufficiently similar employment controversies and because the settlement covers a variety of claims outside of the FLSA. *See* (*id.*) (citing *Terry v. Sapphire*, 336 P.3d 951 (Nev. 2014)). It also appears that the next step for possible resolution of this case would have been "private arbitration between the parties." (*Id.* at 9).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the joint motion to approve the settlement and dismiss the case with prejudice (ECF No. 38) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 10) be, and the same hereby is, DENIED as moot.

DATED April 13, 2017.

                                                                                            _/s/ James C. Mahan_
UNITED STATES DISTRICT JUDGE